WEST v. INDUSTRIAL COMMISSION et al.

No. 5780.   Decided October 22, 1936.   (61 P. [2d] 416.)

*Christenson, Straw & Christenson,* of Provo, for plaintiff.

*Joseph Chez,* Atty. Gen., and *F. A. Trottier,* of Salt Lake City, for defendants.

WOLFE, Justice.

Certiorari to the Industrial Commission to review an order denying compensation to plaintiff for disability resulting from a hernia alleged to have been caused while in the employ of the F. E. R. A. West testified that on July 6, 1935, he went to the Lincoln High School, at Orem, Utah, and was put to work moving desks and tables; that after he quit doing that he started to sweep with a brush formed like a rake when he was struck with a pain in his right side. He could not say whether he slipped at the time of making the stroke with the broom, but he did twist his body from right to left in the course of the stroke. It struck him so hard he said, "My God, I believe I have appendicitis." He never felt any pain while he was lifting the desks and tables. The first time was on the first stroke of the broom. He sat down after that. Mr. Halsey, looking in the door, saw him sitting and told him to "Come up here. I want you to wipe up paint." As he walked down the hallway with Halsey, the latter admonished him about lagging behind and said, "If you are going to work here you have to work, you can't be standing around like that," to which West replied, "If you felt like I do you would not be here, you would be going to see a doctor," to which Halsey replied, "Why don't you?" He retorted, "I will do that," and asked Wilkinson, who had been working with him lifting desks and tables, to take him to the doctor. West never told Halsey nor any one else what had happened to him. Wilkinson testified that West started sweeping after helping to lift the desks and tables and that he doubled up

and turned kind of pale and said he believed he had appendicitis. They had been working between a half to three-quarters of an hour; that West never complained before he started sweeping. The long tables weighed approximately 50 pounds. Wilkinson had been working with West on and off during the winter and never heard him complain.

Snyder testified that he had interviewed Wilkinson relative to the alleged injury of West and that Wilkinson told him that West had not been on the job for more than a half hour and that at the time he came to work he complained of not feeling well and that West had not made any complaints as to the injury at the time West said he had. Wilkinson stuttered and was hard to talk to. Snyder's testimony had some tendency to impeach Wilkinson. Halsey was not put on the stand.

The foregoing is a brief abstract of the evidence. It is claimed that in this case there is no doubt as to the existence of a right inguinal hernia; that there is uncontradicted testimony of the time and place where it occurred and that there is nothing in the record to discredit the applicant's testimony. It must be admitted that the applicant's case presents a doubt as to whether we should not say as a matter of law that the commission should have granted compensation. But, everything considered, we do not believe we can overturn the order of the commission.

In the case of *Norris* v. *Industrial Commission*, 90 Utah 256, 61 P. (2d) 413, we stated:

"Where the matter presented on appeal is the question of whether the Commission should have in law arrived at a conclusion of fact different from that at which it did arrive from the evidence, a question of law is presented only when it is claimed that the Commission could only arrive at one conclusion from the evidence and that it found contrary to that inevitable conclusion. But in order to reverse the Commission in this regard it must appear at least that (a) the evidence is uncontradicted and (b) there is nothing in the record which is intrinsically discrediting to the uncontradicted testimony and (c) that the uncontradicted evidence is not wholly that of interested witnesses, or if the uncontradicted evidence is wholly or partly from others than interested witnesses that the record shows no bias or prej-

udice on the part of such other witnesses and (d) the uncontradicted evidence is such as to carry a measure of conviction to the reasonable mind and sustain the burden of proof, and (e) precludes any other explanation or hypothesis as being more or equally as reasonable, and (f) there is nothing in the record which would indicate that the presence of the witnesses gave the Commission such an advantage over the court in aid to its conclusions that the conclusions should for that reason not be disturbed."

In the instant case there is uncontradicted evidence of the time and place where it is alleged the hernia occurred, but the fact that it occurred with a stroke of a light broom throws some doubt on its credibility. The testimony is not wholly by interested parties because corroborated by Wilkinson, but the commission may have considered Wilkinson's testimony discredited so as to leave the case standing alone on West's testimony which was interested, or it may have appeared to the commission that Wilkinson's attitude on the stand together with his testimony showed an unusual anxiety to aid West to obtain compensation, thus not fulfilling condition (c) in the above quotation. We cannot say that there are not circumstances in this case which would prevent the uncontradicted evidence from conveying to the commission that measure of conviction which would in law require them to find for the applicant. The commission evidently concluded that West had his hernia when he came to work, and that he used the occasion to exploit it. We are not prepared to say that the conclusion, unanimously arrived at by the three commissioners, was unreasonable.

The order of the Industrial Commission denying compensation is affirmed.

ELIAS HANSEN, C. J., and FOLLAND and EPHRAIM HANSON, JJ., concur.

MOFFAT, J., concurs in result.